**680**

Tommie J. SMITH, Petitioner,

v.

Robert FARLEY, Superintendent,
and Indiana State Prison,
Respondents.

No. 3:88cv0685 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

Sept. 4, 1996.

Michael P. Rehak, South Bend, IN, F. Thomas Schornhorst, Indiana University School of Law, Bloomington, IN, for petitioner.

David A. Arthur, Indiana Attorney General, Indianapolis, IN, for Robert A. Farley.

### MEMORANDUM

ALLEN SHARP, Chief Judge.

By separate order entered on August 30, 1996, this court has approved the claim for counsel fees and expenses of Professor F. Thomas Schornhorst of Indiana University School of Law for representing the petitioner, Tommie J. Smith, in this court in his proceeding under 28 U.S.C. § 2254.

The judicial history of proceedings involving Tommie J. Smith in state and federal courts is most extensive. *See Smith v. State,* 516 N.E.2d 1055 (Ind.1987); *Smith v. State* 474 N.E.2d 973 (Ind.1985), *In Re Tommie J. Smith,* —— U.S. ——, 117 S.Ct. 1 (Mem), 135 L.Ed.2d 1098 (1996), *Smith v. Parke,* —— U.S. ——, 116 S.Ct. 2581 (Mem), 135 L.Ed.2d 1092 (1996), *Smith v. Parke,* —— U.S. ——, 116 S.Ct. 2518 (Mem), 135 L.Ed.2d 1044 (1996); *Smith v. Parke,* —— U.S. ——, 116 S.Ct. 935 (Mem), 133 L.Ed.2d 861 (1996), *Smith v. Indiana,* 488 U.S. 934, 109 S.Ct. 330 (Mem), 102 L.Ed.2d 347 (1988), *Smith v. Farley,* 59 F.3d 659 (7th Cir.1995), and *Smith v. Farley,* 873 F.Supp. 1199 (N.D.Ind.1994). For well over a decade, it has been the burden of this court to appoint the best possible counsel to represent petitioners who are subject to a state-imposed death penalty and have filed petitions here seeking relief under 28 U.S.C. § 2254. Without exception, this court has been able to appoint highly qualified and very competent counsel to engage in this all-important species of representation. Without exception, appointed counsel in these § 2254 cases have performed their professional functions with fidelity and high competence. Such is absolutely the case here as to Professor Schornhorst. He has requested an hourly rate of $125.00 and this court **APPROVES** the said amount without reservation. The total amount of $32,316.91 including expenses has been approved.

Given the complexity and difficulty of this kind of representation, such a rate of $125.00 per hour is well below the current market value for such services. *See Matter of Continental Securities Litigation,* 962 F.2d 566 (7th Cir.1992). The Supreme Court of Indiana has adopted and refined its criminal Rule 24 for capital cases which is attached hereto as Appendix "A." This court shares with the Supreme Court of Indiana the deepest concern that these petitioners facing a state-imposed death penalty have the best

possible representation. *See also* 21 U.S.C. § 848(q)(4)(B), (q)(5)–(10). This court has used the standards for competence in Indiana Supreme Court Rule 24 as a general guide for the appointment of such counsel in this court in these § 2254 proceedings. Professor Schornhorst is to be complimented upon the keeping of very precise time and expense records and for his frugality in regard to same.

A specific item needs to be mentioned. In the course of this representation, Professor Schornhorst sought to have this judge recused in this case on the basis of rulings made in a companion case. *Resnover v. Pearson,* 754 F.Supp. 1374 (N.D.Ind.1991), *aff'd,* 965 F.2d 1453 (7th Cir.1992), *cert. denied,* 508 U.S. 962, 113 S.Ct. 2935, 124 L.Ed.2d 685 (1993). That recusal effort was turned down by the Court of Appeals and the Supreme Court denied certiorari on that specific issue. *See Smith v. U.S. District Court N.D.Ind.,* —— U.S. ——, 115 S.Ct. 259, 130 L.Ed.2d 179 (1994).

In criminal cases as well as in these kinds of death penalty cases under 28 U.S.C. § 2254, the task of appointed counsel is often not a happy one. There is an innate suspicion that appointed counsel are a part of the court establishment which in this case and others like it is the farthest from the truth. In any event, it is often necessary for appointed counsel to operate at the margins in order to accommodate the felt needs of clients like Tommie Smith.

The special burdens of appointed counsel are severe. Severe criticism is often the order of the day with its source first from the client and often from reviewing courts when ineffective assistance of counsel is an issue. (It is not an issue here.) Numerous decisions outline the special obligations of appointed counsel. See for example *Coleman v. Vasquez,* 771 F.Supp. 300 (N.D.Cal.1991), and *Hunter v. Delo,* 62 F.3d 271 (8th Cir. 1995). Recently, the Supreme Court of the United States has given special meaning to the need for appointed counsel in the death penalty context. *See McFarland v. Scott,* 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994).

So it is without reservation that this court approves this claim as submitted.